## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LAWRENCE J. LUDWIG,

      Plaintiff,

vs.                                                            CASE NO. 8:03-CV-2378-T-17MSS

LIVERTY MUTUAL FIRE
INSURANCE COMPANY,

      Defendant.

_____/

### <u>ORDER</u>

    This cause is before the Court on Defendant's Motion for Separate Trials and/or Motion to Bifurcate for Purposes of Discovery and Trial, filed on February 16, 2005 (Docket No. 46), and response thereto, filed March 8, 2005 (Docket No. 50).

### <u>BACKGROUND</u>

    On August 26, 1999, Plaintiff, LAWRENCE J. LUDWIG (the "Plaintiff"), was injured in a collision between an automobile and a municipal bus in St. Petersburg, Florida.  (Docket No. 1, page 1)  The Plaintiff was the driver of the bus and LIBERTY MUTUAL FIRE INSURANCE COMPANY (the "Defendant) was his insurance company.  (Docket No. 2, page 2)  At the time of the accident, the Plaintiff held a policy of uninsured motorist coverage with the Defendant, with a total available benefit of $100,000.00. (Docket No. 2, page 2)  Prior to seeking legal action against the Defendant, the Plaintiff made a demand on the Defendant to tender the full $100,000.00 policy limit; the Defendant rejected this demand and offered a maximum of $15,000.00.  (Docket No. 2, page 2)  On May 25, 2001, the Plaintiff filed a "Civil Remedy Notice" with the Florida Department of Insurance and the Defendant, with an effective date of May 30, 2001.  (Docket No. 2, Ex. C)

    Pursuant to Fl. Stat. § 624.155, the Defendant had sixty (60) days from the effective date of the Civil Remedy Notice to cure its alleged bad faith; the Defendant neither tendered policy limits during this time nor cured the bad faith in any other manner.  (Docket No. 2, page 3)

CASE NO. 8:03-CV-2378-T-17MSS

Consequently, the Plaintiff filed suit against the Defendant for uninsured motorist benefits in Pinellas County Circuit Court on July 31, 2001.  (Docket No. 2, page 3)  On April 7, 2003, the Defendant filed a Proposal for Settlement tendering the amount of $100,000.00 to the Plaintiff and Plaintiff's wife; the Plaintiff and his wife accepted this proposal and filed a Notice of Acceptance of Offer.  (Docket No. 2, Ex. D, E)  Subsequently, the Plaintiff, joined with his wife, executed a release in favor of the Defendant for the $100,000.00 uninsured motorist benefits. (Docket No. 2, Ex. F)  Nowhere, however, in the release did the Defendant attempt to obtain a release for statutory liability under Fl. Stat. § 624.155; subsequently, the current action was initiated.

On May 28, 2003, the Plaintiff filed a complaint (the "Complaint") against the Defendant in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.  (Docket No. 1)  In the Complaint, the Plaintiff claimed that the Defendant breached its fiduciary duty to the Plaintiff by failing to handle the Plaintiff's claim with dispatch and due diligence and to achieve a proper disposition thereof, as well as a duty to deal in good faith to settle the Plaintiff's claim. (Docket No. 2, page 4)  The Plaintiff asserted that, as a direct and proximate result of the Defendant's violation of its duties under the law, the Plaintiff has been damaged and has not received the full value for his injuries from the accident, interest on the damage value, attorney's fees, interest and costs, all allowable under Fl. Stat. § 627.727(10) (2001).  (Docket No. 2, page 4)  On August 21, 2003, the Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages.  (Docket No. 3)  Additionally, the Defendant filed its Motion for Final Summary Judgment on October 17, 2003.  (Docket No. 5)  Further, on October 23, 2003, the Defendant filed its Motion for Partial Summary Judgment and/or Motion to Abate.  (Docket No. 4)  Pursuant to 28 U.S.C. § 1441(a), on November 13, 2003, the Defendant filed a Notice of Removal to this Court, alleging complete diversity and an amount in controversy over $75,000.00 under 28 U.S.C. § 1332(a)(2).  (Docket No. 1)  Also on November 13, 2003, the case was assigned to Magistrate Judge Mary S. Scriven by this Court.

On December 15, 2003, the Plaintiff filed a Motion to Remand Removed Action; the

2

CASE NO. 8:03-CV-2378-T-17MSS

Defendant filed a response on December 30, 2003.  (Docket Nos. 12, 14)  Additionally, on January 28, 2004, this Court filed an Order to Show Cause, requiring the Plaintiff to respond in eleven (11) days regarding why the case should not be dismissed for lack of prosecution under Local Rule 3.10 due to the non-filing of a Case Management Report within the time prescribed by Local Rule 3.05.  (Docket No. 15)  In response, the Plaintiff filed a Motion to Extend Time Within Which to Respond to Case Management Report, for Discovery and Further Proceedings on February 3, 2004.  (Docket No. 16)  On February 17, 2004, this Court entered an Endorsed Order granting the Plaintiff's Motion to Extend Time Within Which to Respond to Case Management Report, for Discovery and Further Proceedings.

On July 13, 2004, this Court entered an order denying the Plaintiff's Motion to Remand Removed Action and giving the Plaintiff ten (10) days to respond to respond to the Defendant's pending Motion for Summary Judgment or to Abate.  (Docket No. 21)  Additionally, on August 24, 2004, this Court entered an Order to Show Cause requiring the Plaintiff to respond within ten (10) days regarding why the case should not be dismissed for failure to prosecute or why the pending motion for summary judgment should not be granted.  (Docket No. 22)  The parties filed a Joint Motion to Extend Time for Response on September 20, 2004; this Court entered an Endorsed Order granting the Joint Motion to Extend Time for Response on September 21, 2004 (Docket Nos. 23, 24)

The Plaintiff, on October 1, 2004, filed a Motion to Strike or Deny Defendant's Motion for Summary Judgment and the Defendant, on October 14, 2004, filed a response.  (Docket Nos. 25, 30)  On November 19, 2004, this Court entered an order denying the Defendant's Motion for Partial Summary Judgment, denying the Defendant's Motion to Abate, denying the Defendant's Motion for Summary Judgment, granting in part and denying in part the Plaintiff's Motion to Strike or Deny Motion for Summary Judgment.  (Docket No. 31)  Pursuant to the ten (10) day requirement set forth by this Court's order above, the Defendant filed an Answer and Affirmative Defenses in Response to Plaintiff's Complaint for Damages on December 6, 2004.  (Docket No. 33)

CASE NO. 8:03-CV-2378-T-17MSS

Finally, on February 16, 2004, the Defendant filed a Motion for Separate Trials and/or Motion to Bifurcate for Purposes of Discovery and Trial.  (Docket No. 46)  The Plaintiff filed its response on March 8, 2004 (Docket No. 50)

## DISCUSSION

This Court, in furtherance of convenience or to avoid prejudice, or when separate trials would be conducive to expedition and economy, may order a separate trial of any claim.  Fed. R. Civ. P. 42.  The issue before this Court is whether the Defendant will be unduly prejudiced by allowing the claims to proceed as one entity for discovery and trial purposes, when all claims arise from the same questions of law and fact.

When a plaintiff attempts to claim injuries and damages related to a motor vehicle accident and, in the same lawsuit, also seeks damages against his insurance company on bad faith grounds, the bad faith claim must be separated and delayed pending resolution of the plaintiff's claim for damages stemming from the accident.  *Blanchard v. State Farm Automobile Ins. Co.*, 575 So. 2d 1289 (Fla. 1991). The payment of policy limits by an insurer is the functional equivalent of an allegation that there has been a determination of the insured's damages.  *Brookins v. Goodson*, 640 So. 2d 110, 112 (Fla. 4th Dist. App. 1994).  Such payment demonstrates existence of a valid claim by the insured.  *Id.*

This appears to be a situation stemming entirely from the Plaintiff's claim of bad faith by the Defendant; the Plaintiff does not appear to be claiming that, even though he settled for $100,000.00 (the maximum allowed under his policy), that the Plaintiff wants more money based on the policy terms themselves.  In the Complaint, the Plaintiff states that "as a direct and proximate result of the insured's [sic] violation of their duties under the law, the Plaintiff has been damaged and has not received the full value for the injuries suffered in the accident, interest on the damage value, attorney's fees in the underlying suit, and interests and costs, and all damages permitted under Chapter 627.727(10), Florida Statutes (2001)."  (Docket No. 2) Although the Plaintiff fails to specifically cite to the exact section of Fl. Stat. § 624.155, it appears that the Complaint specifically involves Fl. Stat. § 624.155(1)(b)(1), which allows for a

4

CASE NO. 8:03-CV-2378-T-17MSS

civil remedy against an insurance company for "not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests."

In the Defendant's Motion for Separate Trials and/or Motion to Bifurcate for Purposes of Discovery and Trial, the Defendant cites to *Blanchard* for the proposition that when a plaintiff attempts to claim injuries and damages related to a motor vehicle accident and, in the same lawsuit, also seeks damages against his insurance company on bad faith grounds, the bad faith claim must be separated and delayed pending resolution of the plaintiff's claim for damages stemming from the accident.  575 So. 2d at 1289.  (Docket No. 46)   In the present case, however, it appears that the Plaintiff is seeking damages from the accident stemming from the Defendant's alleged bad faith.  Thus, this proposition does not neatly apply here.

Furthermore, in *Blanchard*, the insured had not resolved the issue of liability arising from the accident.  *Id*. at 1291.  Here, the parties have agreed to a settlement agreement for the maximum amount of uninsured motorist benefits allowable under the Plaintiff's policy with the Defendant.  While the settlement agreement specifically states that the Defendant admits no liability, if the Defendant thought that grounds did not exist to pay the Plaintiff, it would not have done so; insurance companies are not in the business of paying those without valid claims.

Additionally, the Defendant argues that it would be prejudiced if forced to litigate the damages and bad faith claims together due to the potential for the introduction of evidence that could improperly influence the jury.  This Court will not address such argument here, as this Court has already addressed (and rejected) this exact argument by the Defendant in this Court's Order on Defendant's Motion for Reconsideration and Plaintiff's Motion to Strike or Deny Defendant's Motion.  (Docket No. 52)

Furthermore, the Defendant argues that it would be prejudiced by proceeding with discovery on all issues before this Court; to support this argument, the Defendant relies on *General Star Indemnity Co. v. Anheuser Busch Co.*, 741 So. 2d 1259 (Fla. 5th Dist. App. 1999). This Court will not address the applicability of *General Star Indemnity Co.* here, as this Court

CASE NO. 8:03-CV-2378-T-17MSS

has already addressed (and rejected) its applicability in this Court's Order on Defendant's Motion for Reconsideration and Plaintiff's Motion to Strike or Deny Defendant's Motion. (Docket No. 52)

      For the foregoing reasons, this Court holds that no prejudice exists that would necessitate the separation or bifurcation of the claims.  Additionally, in the present case, separate trials would not be conducive to expedition and economy.  Accordingly, it is

      **ORDERED** that the Defendant's Motion for Separate Trials and/or Motion to Bifurcate for Purposes of Discovery and Trial (Docket No. 46) be **DENIED**.

      **DONE and ORDERED** in Chambers, in Tampa, Florida, on this 27th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record