**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LAWRENCE J. LUDWIG,

    Plaintiff,

vs.                                          CASE NO. 8:03-CV-2378-T-17MSS

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

      This cause is before this Court *sua sponte* based on this Court's reading of Defendant's Request that District Court Certify Order Compelling Discovery for an Interlocutory Appeal under 28 U.S.C. § 1292(b) and for Entry of Stay of Order Pending Appeal, filed on October 17, 2005 (Docket No. 66), and response thereto, filed October 27, 2005 (Docket No. 68).

**BACKGROUND**

      On August 26, 1999, Plaintiff, LAWRENCE J. LUDWIG (the "Plaintiff"), was injured in a collision between an automobile and a municipal bus in St. Petersburg, Florida. (Docket No. 1, page 1)  The Plaintiff was the driver of the bus and LIBERTY MUTUAL FIRE INSURANCE COMPANY (the "Defendant) was his insurance company. (Docket No. 2, page 2)  At the time of the accident, the Plaintiff held a policy of uninsured motorist coverage with the Defendant, with a total available benefit of $100,000.00. (Docket No. 2, page 2)  Prior to seeking legal action against the Defendant, the Plaintiff made a demand on the Defendant to tender the full $100,000.00 policy limit; the Defendant rejected this demand and offered a maximum of $15,000.00. (Docket No. 2, page 2)  On May 25, 2001, the Plaintiff filed a "Civil Remedy Notice" with the Florida Department of Insurance and the Defendant, with an effective date of May 30, 2001. (Docket No. 2, Ex. C)

CASE NO. 8:03-CV-2378-T-17MSS

Pursuant to Fl. Stat. § 624.155, the Defendant had sixty (60) days from the effective date of the Civil Remedy Notice to cure its alleged bad faith; the Defendant neither tendered policy limits during this time nor cured the bad faith in any other manner. (Docket No. 2, page 3) Consequently, the Plaintiff filed suit against the Defendant for uninsured motorist benefits in Pinellas County Circuit Court on July 31, 2001. (Docket No. 2, page 3) On April 7, 2003, the Defendant filed a Proposal for Settlement tendering the amount of $100,000.00 to the Plaintiff and Plaintiff's wife; the Plaintiff and his wife accepted this proposal and filed a Notice of Acceptance of Offer. (Docket No. 2, Ex. D, E) Subsequently, the Plaintiff, joined with his wife, executed a release in favor of the Defendant for the $100,000.00 uninsured motorist benefits. (Docket No. 2, Ex. F) Nowhere, however, in the release did the Defendant attempt to obtain a release for statutory liability under Fl. Stat. § 624.155; subsequently, the current action was initiated.

On May 28, 2003, the Plaintiff filed a complaint (the "Complaint") against the Defendant in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. (Docket No. 1) In the Complaint, the Plaintiff claimed that the Defendant breached its fiduciary duty to the Plaintiff by failing to handle the Plaintiff's claim with dispatch and due diligence and to achieve a proper disposition thereof, as well as a duty to deal in good faith to settle the Plaintiff's claim. (Docket No. 2, page 4) The Plaintiff asserted that, as a direct and proximate result of the Defendant's violation of its duties under the law, the Plaintiff has been damaged and has not received the full value for his injuries from the accident, interest on the damage value, attorney's fees, interest and costs, all allowable under Fl. Stat. § 627.727(10) (2001). (Docket No. 2, page 4) On August 21, 2003, the Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages. (Docket No. 3) Additionally, the Defendant filed its Motion for Final Summary Judgment on October 17, 2003. (Docket No. 5) Further, on October 23, 2003, the Defendant filed its Motion for Partial Summary Judgment and/or Motion to Abate. (Docket No. 4) Pursuant to 28 U.S.C. § 1441(a), on November 13, 2003, the Defendant filed a Notice of Removal to this Court, alleging complete diversity and an amount in controversy over

CASE NO. 8:03-CV-2378-T-17MSS

$75,000.00 under 28 U.S.C. § 1332(a)(2). (Docket No. 1) Also on November 13, 2003, the case was assigned to Magistrate Judge Mary S. Scriven by this Court.

On December 15, 2003, the Plaintiff filed a Motion to Remand Removed Action; the Defendant filed a response on December 30, 2003. (Docket Nos. 12, 14) Additionally, on January 28, 2004, this Court filed an Order to Show Cause, requiring the Plaintiff to respond in eleven (11) days regarding why the case should not be dismissed for lack of prosecution under Local Rule 3.10 due to the non-filing of a Case Management Report within the time prescribed by Local Rule 3.05. (Docket No. 15) In response, the Plaintiff filed a Motion to Extend Time Within Which to Respond to Case Management Report, for Discovery and Further Proceedings on February 3, 2004. (Docket No. 16) On February 17, 2004, this Court entered an Endorsed Order granting the Plaintiff's Motion to Extend Time Within Which to Respond to Case Management Report, for Discovery and Further Proceedings.

On July 13, 2004, this Court entered an order denying the Plaintiff's Motion to Remand Removed Action and giving the Plaintiff ten (10) days to respond to the Defendant's pending Motion for Summary Judgment or to Abate. (Docket No. 21) Additionally, on August 24, 2004, this Court entered an Order to Show Cause requiring the Plaintiff to respond within ten (10) days regarding why the case should not be dismissed for failure to prosecute or why the pending motion for summary judgment should not be granted. (Docket No. 22) The parties filed a Joint Motion to Extend Time for Response on September 20, 2004; this Court entered an Endorsed Order granting the Joint Motion to Extend Time for Response on September 21, 2004 (Docket Nos. 23, 24)

The Plaintiff, on October 1, 2004, filed a Motion to Strike or Deny Defendant's Motion for Summary Judgment and the Defendant, on October 14, 2004, filed a response. (Docket Nos. 25, 30) On November 19, 2004, this Court entered an order denying the Defendant's Motion for Partial Summary Judgment, denying the Defendant's Motion to Abate, denying the Defendant's Motion for Summary Judgment, granting in part and denying in part the Plaintiff's Motion to Strike or Deny Motion for Summary Judgment. (Docket No. 31) Pursuant to the ten (10) day

CASE NO. 8:03-CV-2378-T-17MSS

requirement set forth by this Court's order above, the Defendant filed an Answer and Affirmative Defenses in Response to Plaintiff's Complaint for Damages on December 6, 2004. (Docket No. 33)

On February 16, 2004, the Defendant filed a Motion for Separate Trials and/or Motion to Bifurcate for Purposes of Discovery and Trial. (Docket No. 46) The Plaintiff filed its response on March 8, 2004. (Docket No. 50) On June 27, 2005, this Court entered an order denying the Defendant's Motion for Separate Trials and/or Motion to Bifurcate for Purposes of Discovery and Trial. (Docket No. 58) Additionally, the Defendant filed its Unopposed Motion for Leave to Amend Answer and Affirmative Defenses to Assert Additional Affirmative Defenses and Memorandum of Law in Support Thereof on September 1, 2005. (Docket No. 59) This Court granted, on September 2, 2005, the Defendant's Motion for Leave to Amend Answer and Affirmative Defenses to Assert Additional Affirmative Defenses. (Docket No. 60)

Finally, the Defendant filed its Request that District Court Certify Order Compelling Discovery for an Interlocutory Appeal under 28 U.S.C. § 1292(b) and for Entry of Stay of Order Pending Appeal. (Docket No. 66) In response, the Plaintiff filed its Motion in Opposition to Defendant's Request to Certify the Order Compelling Discovery for an Interlocutory Appeal. (Docket No. 68)

## DISCUSSION

This action is before this Court *sua sponte*. Upon review, this Court has determined that there is some question regarding the ruling on the scope of the issues upon which the Plaintiff may proceed. Therefore, this Court wishes to clarify that which it said, (and what it means): by accepting the $100,000.00 settlement amount (the maximum amount allowed under the policy) from the Defendant, the Plaintiff agreed that he was adequately compensated for his injuries. The Plaintiff may, however, continue to seek damages from the accident stemming from (and only from) the Defendant's alleged bad faith in settling the claim.

Insofar as this Court's determination could change the prior ruling on the Defendant's Motion for Partial Summary Judgment, such motion is granted, as this Court is not allowing the

CASE NO. 8:03-CV-2378-T-17MSS

Plaintiff to bring any further claims outside of the bad faith claim.  Thus, if the Plaintiff would like to proceed, he must do so only on the issue of bad faith.  Accordingly, it is

**ORDERED** that the clarification of this case as explicated above is the law of this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 1st day of February, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record